mission in evidence of stock cards, on which memoranda were written showing that a great many of the cars received at the warehouse, billed to such third person from a certain place, were in bad condition when received, was proper, where witnesses had testified on behalf of plaintiff that all the potatoes shipped by such third person from such place (which included plaintiff's potatoes) were in first-class condition.

---

## J. E. Houston, Appellee, v. C. G. Frank, Appellant.

## Gen. No. 23,558.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1917.   Reversed.   Opinion filed April 3, 1918.

### Statement of the Case.

Action by J. E. Houston, plaintiff, against C. G. Frank, defendant, to recover the value of stock which plaintiff owned and held and claimed that defendant, a broker, who had sold the stock to him, had agreed to dispose of after the first or second dividend became due.   From a judgment for plaintiff for $5,000, defendant appeals.

WILSON & MAY, for appellant.

No appearance for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

### Abstract of the Decision.

BROKERS—*what constitutes settlement between broker and client.* In an action by the purchaser of stock against a broker to recover

the value of stock which plaintiff claimed defendant had agreed to dispose of after the first or second dividends became due, where it appeared that plaintiff had claimed that defendant had originally agreed when defendant had sold him stock, in place of bonds, which he preferred, that if plaintiff was dissatisfied with the stock defendant would give him bonds in lieu thereof or refund his money, and a written agreement was entered into whereby plaintiff exchanged nearly half of the stock for bonds, and which agreement stated that plaintiff was satisfied with the remaining stock and would hold it until all the preferred stock of the corporation had been disposed of, and that defendant was not to be responsible for disposition of the stock, and plaintiff testified that he read and understood the agreement, and he made no explanation why he was only to keep the remaining stock for a lesser period of time, *held* that there was a settlement between the parties. ·

Michael P. McMahon, Appellee, v. County of Cook, Appellant.

Gen. No. 23,581.

OFFICERS, § 70*—*when de jure employee cannot recover for services.* Where salary has, in good faith, been paid to a *de facto* employee under the civil service by a county during the time services were performed by a *de jure* employee, such salary cannot be afterwards recovered by the *de jure* employee from the county.

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Reversed and remanded. Opinion filed April 3, 1918.

MACLAY HOYNE, for appellant; JOHN E. FOSTER and OTA P. LIGHTFOOT, of counsel.

A. D. GASH, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.